IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEONARD LOVE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:10CV2099 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| RESPONDENT. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Movant Leonard Love's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. # 2], filed on November 10, 2010. The Government filed its Response [doc. # 13] on February 23, 2011 and Movant filed a Traverse [doc. # 16] on April 8, 2011.

**I.    BACKGROUND**

A federal grand jury in the Eastern District of Missouri charged Leonard Love ("Movant") in a two-count indictment on November 6, 2003. Following a jury trial, Movant was found guilty of possession with intent to distribute in excess of five grams of cocaine base (crack) (Count I), in violation of 21 U.S.C. § 841 (a)(1). Movant was originally sentenced to a prison term of 360 months. Following his sentence, Movant timely filed a notice of appeal. On appeal, the Eighth Circuit affirmed Movant's conviction, but vacated the sentence and remanded for re-sentencing. *United States v. Love*, 419 F.3d 825, 829 (8th Cir. 2005). On November 29, 2005, Movant was sentenced by this Court to 275 months plus supervised release of a term of eight years with additional terms of supervision. Movant filed the pending Motion under 28

1

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on November 10, 2010.

In Movant's original trial, he claimed the arresting officers planted cocaine base on him after observing him take part in a drug transaction. The primary prosecution witness at Movant's trial was Detective Harold Stone who testified that he and Detectives Corby Campbell, Bobby Garrett, and Terrell Robinson were on patrol on September 2, 2003, when they observed Movant take part in a hand-to-hand drug transaction. Upon further investigation, Detective Stone observed Movant subsequently retrieve an object from his pocket and place it near the tire of a closely parked Suburban. Detective Stone testified that Detective Campbell went to the area where Movant had placed the object and retrieved what was later found to be crack cocaine.

In his Motion, Movant states two grounds for relief: 1) the "corrupt practices of now-adjudicated corrupt Police Officer Bobby Garrett denied Movant a fair trial, in violation of due process clause of the Fifth Amendment" and 2) "[p]rosecutorial tolerance of now-adjudicated corrupt practices of corrupt police officer deprived Movant of due process of law in violation of the Fifth Amendment."

## II. STANDARD OF REVIEW: RELIEF UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek to "vacate, set aside or correct a sentence" on the grounds that "that the sentence was imposed in violation of the Constitution of the Laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ." Nonconstitutional claims based on a federal statute or rule, rather than on a specific constitutional guarantee, "can be raised on collateral review only if the alleged error

constituted a fundamental defect which inherently results in a complete miscarriage of justice." *Reed v. Farley*, 512 U.S. 339, 354 (1994) (internal quotation marks and citations omitted). Claims brought under § 2255 may be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal are procedurally defaulted "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). An exception to the general prohibition exists only where "the alleged error constitut[es] a fundamental defect which inherently results in a complete miscarriage of justice. *Reed,* 512 U.S. at 354.

## III. DISCUSSION

### A. TIMELINESS OF MOVANT'S § 2255 MOTION

The first matter the Court must discuss is whether Movant's § 2255 was timely filed. The Government argues that the Motion is untimely and should be dismissed on these grounds. A motion brought under 28 U.S.C. § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final; . . . or the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (4).

Movant does not dispute that the filing of his § 2255 motion on November 10, 2010 is outside the one year limitation of when his conviction became final. However, Movant asserts

that section (f)(4) of § 2255 applies.  This provision permits the period of limitation to run when the newly-discovered facts supporting the basis of Movant's claim could have been discovered through the exercise of due diligence.  *See* 28 U.S.C § 2255 (f)(4).

In order for § 2255 (f)(4) to apply, the Movant "must show the existence of a new fact, while also demonstrating [that he] acted with diligence to discover the new fact. *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (citing *E.J.R.E. v. United States*, 453 F.3d 1094, 1097 (8th Cir. 2006)).  Due diligence "require[s] that a prisoner make reasonable efforts to discover the facts supporting his claims. *Anjulo-Lopez*, 541 F.3d at 818 (citing *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)).  Movant argues that Garrett's corruption could not have been discovered until Garrett's actual sentencing on November 10, 2009, which was one year to the day before Movant's § 2255 Motion was filed.  If this is correct, then Movant's Motion would be timely.  However, the Court does not agree.

The basis of Movant's § 2255 motion is predicated on Garrett's arrest and prosecution in federal court for six federal crimes consisting of various acts of police misconduct.  The acts ranged from the planting of evidence to falsifying police reports in connection with events in 2007 and 2008.  Garrett pled guilty on August 28, 2009.  His indictment was unsealed prior to Garrett's plea on December 12, 2008, and the media began reporting on the story immediately.  As the underlying facts of Movant's Motion are based on the crimes to which Garrett pled guilty, the Court finds that the actual sentencing of Garrett on November 10, 2009 did not have the effect of ripening into facts running the statute of limitations.

Furthermore, Movant knew from the time of his arrest whether cocaine base was planted on him.  In fact, Movant's defense during his criminal trial was based on the claim that the

4

arresting officers were framing Movant by planting cocaine base on him after allegedly observing a hand-to-hand drug transaction take place between Movant and another individual. Movant cannot now successfully claim that Garrett's indictment and conviction for similar conduct that occurred years after Movant's arrest in unrelated cases should be considered newly-discovered evidence in his case. *See Howard v. United States*, 2008 WL 1925166, at *2 (E.D. Mo. Apr. 30, 2008); *see also Brett v. United States*, 2010 WL 5285322, at *5-6 (E.D. Mo. Dec. 17, 2010). Consequently, the Motion is time barred and must be denied because Movant could have discovered facts supporting his claims through the exercise of due diligence and could have filed this Motion well before Garrett's sentencing date. *See Anjulo-Lopez*, 541 F.3d at 817-18.

### B. GROUND ONE: NEWLY-DISCOVERED EVIDENCE

In the first ground of his Motion, Movant asserts that he is entitled to a new trial because the subsequent criminal conviction of Detective Bobby Garrett for corrupt police practices constitutes newly-discovered evidence that demonstrates he was denied a fair trial in violation of the due process clause. Even if Movant's Motion was timely and the Court considered Garrett's sentencing constituted newly-discovered evidence, his claim still fails on its merits.

"The decision of whether to grant or deny a new trial motion based on newly discovered evidence is governed by different standards which depend, in large part, on the amount of prosecutorial misconduct, if any, that occurred in the underlying case." *United States v. Duke*, 50 F.3d 571, 576 (8th Cir. 1995). In situations where "the prosecution did not know, or have reason to know" of the existence of the evidence, the district court applies a substantive standard that includes five prerequisites:

> (1) the evidence must have been discovered after the trial; (2) the failure to discover the evidence must not be attributable to a lack of diligence on the part of the petitioner; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be likely to produce an acquittal if a new trial is granted.

*Id*. at 576-77 (citing *English v. United States*, 998 F.2d 609, 611 (8th Cir. 1993)).

In considering Movant's claims under the standard in *Duke,* the Court finds that Movant has satisfied the first element's requirement that the evidence must have been discovered after the trial. Movant was sentenced in November 2005, and Garrett was not indicted until December 11, 2008. However, even if the Court finds in favor of Movant on the second and third elements, that the failure to discover the evidence was not be attributable to a lack of diligence on the part of the Movant, or that the evidence is not merely cumulative or impeaching, Movant has failed to provide evidence supporting a finding in his favor on the fourth and fifth elements.

The fourth and fifth elements in *Duke* require that the evidence produced by Movant is material and is likely to result in an acquittal if a new trial is granted. Movant claims that Garrett's subsequent criminal conviction undermines the prosecution's case because the prosecution rested their case on the credibility of the arresting officers and the police report. Garrett signed off on that report. The Court does not agree with Movant's argument.

The newly-discovered evidence might be considered material if Garrett testified at Movant's trial and was the only witness to the incident, because these facts "might cast sufficient doubt about the veracity of his statement to warrant a new trial." *English v. United States*, 998 F.2d 609, 612 (8th Cir. 1993). However, Detective Stone was the primary prosecution witness, and Garrett did not take part in any of the trial proceedings. Even if Garrett had testified, along

6

with Detective Stone, his testimony would be considered "cumulative" with other testimony of witnesses to the event, and the evidence of a corrupt police officer would be limited to impeaching evidence, which is insufficient to establish grounds for a new trial. *See English*, 998 F.2d at 612. Furthermore, the role of Garrett during Movant's arrest also refutes Movant's arguments. Detective Stone observed Movant place the drugs behind the tire of the Suburban, and Detective Campbell retrieved the drugs. Garrett's role was limited in the arrest. Therefore, because Garrett was not a witness in Movant's trial, the evidence concerning his subsequent criminal conviction cannot be considered material and grounds for a new trial. *Id.*

Nevertheless, even if the Court considered Garrett's conviction material, the evidence still is not likely to lead to an acquittal if a new trial is granted. Movant's claims that he was denied a fair trial lack merit because the crimes to which Garrett pled guilty were not directly related to Movant's case, and neither Detective Stone or the other arresting officers in Movant's case were implicated in the events relating to Garrett's criminal conviction. Movant additionally fails to show evidence that Detective Stone's credibility is undermined by the criminality of Garrett. During Movant's trial, Movant offered the testimony of two witnesses who claimed to be present when the officers approached Movant and whose testimony contradicted the testimony of Detective Stone. However, regardless of any contradictions, Movant has failed to put forth evidence demonstrating Officer Stone's testimony was false. Movant merely asserts that because Garrett was the supervising officer, his subsequent criminal conviction undermines the credibility of Stone's testimony, which consequently demonstrates the veracity of the testimony of his two witnesses. The Court finds this is insufficient to undermine the evidence produced against Movant at trial.

In addition to the standard in *Duke*, a less stringent test is applied when the newly discovered evidence is the basis for a claim that the prosecution's witness has perjured himself. *United States v. Brett*, 2010 WL 5285322, at *4 (E.D. Mo. Dec. 17, 2010). Under this test, Movant is only required to show that there is "any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Id*. This test only applies when the testimony given is actually false, and prosecution either knew or should have known that the testimony was false.[1] However, Movant has produced no evidence of the existence of any false testimony or that the prosecution either knew or should have known that any testimony was false. Consequently, Movant cannot satisfy the less stringent test.

Movant also contends that the fairness of Movant's trial is affected by Garrett's conviction because Garrett signed off on the police report relied upon by the Government. Movant asks the Court to grant his Motion on the grounds that, regardless of Garrett's involvement in Movant's trial, he was still the acting supervisor the night of his arrest. The Court does not find merit in this argument. If the Court were to accept this logic, every defendant in every case in which Garrett participated in or was the supervising officer would be entitled to have his or her sentence vacated. Accordingly, the fairness of Movant's trial was not affected by the newly-discovered evidence of Garrett's criminal conviction because Garrett was not involved in Movant's trial proceedings, and the prosecution's main witness, Detective Stone, was not connected to any of the crimes in Garrett's case. Moreover, Garrett's role in the arrest of Movant was limited. Movant's claim therefore fails on its merits for all the foregoing reasons.

---

[1] "The prosecution may not use or solicit false evidence or allow it to go uncorrected." *United States v. Goodson*, 165 F.3d 610, 615 (8th Cir. 1999) (citing *United States v. Martin*, 59 F.3d 767, 770 (8th Cir. 1995); *Giglio v. United States*, 405 U.S. 150, 154 (1972)).

### C. GROUND TWO: PROSECUTORIAL MISCONDUCT

Movant's second ground asserts that prosecutorial tolerance of Garrett's corrupt practices deprived Movant of due process of law. Movant argues that he was denied due process because the Government knew or in the exercise of reasonable diligence should have known that Garrett was an unreliable source of evidence, yet the prosecution relied on the police report signed by Garrett and testimony by Detective Stone when Garrett was the supervising officer during Movant's arrest. However, Movant provides no evidence, except through conclusory allegations, that the Government had any reason to suspect Garrett of being involved in any corrupt practices at the time of Movant's trial. As previously stated, the newly-discovered evidence the Movant uses as the basis for his Motion is the actual sentencing of Garrett that occurred several years after Movant's original case. The federal grand jury returned an indictment against Garrett on December 11, 2008. Garrett's arrest and prosecution were in connection with actions taking place in 2007 and 2008, several years after Movant's trial had taken place, and the crimes Garrett pled guilty to did not directly relate to Movant's case. Movant has not put forth evidence demonstrating the Government used any false evidence or should have known of any corrupt practices by Garrett, which would constitute prosecutorial misconduct at the time of Movant's trial. As such, Movant's prosecutorial misconduct claim fails on its merits.

### C. RIGHT TO EVIDENTIARY HEARING

If a movant is not procedurally barred from a § 2255 motion, the Court must hold an evidentiary hearing to consider the claims made therein "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. §

2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). As such, a § 2255 movant is entitled to an evidentiary hearing "when the fact alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). A court may dismiss a claim without an evidentiary hearing "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-221 (8th Cir. 1990)). Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

## IV.    CERTIFICATE OF APPEALABILITY

This Court finds that Movant has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can be issued. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings"). Thus, the Court shall not issue a certificate of appealability as to any claims raised in Movant's § 2255 Motion.

## V.    CONCLUSION

Movant's claims under 28 U.S.C. § 2255 will be denied without an evidentiary hearing. Garrett's prosecution and conviction do not affect the fairness of Movant's trial. The other three arresting officers in Movant's case, Detectives Stone, Campbell, and Robinson, were not implicated in Garrett's conviction. The crimes to which Garrett pled guilty did not directly relate

to Movant's case, and during the trial proceedings Garrett was not used as a witness. Additionally, Garrett's involvement in the arrest was limited with Detectives Stone and Campbell playing the significant roles.

Furthermore, prosecutorial misconduct is not present because the Government did not use Garrett in the trial proceedings, and the Movant did not produce evidence undermining the credibility of the Government's primary witness, Detective Stone.

Finally, even had Movant's claim not failed on its merits, the motion is untimely, therefore the Court concludes the Movant's motion will be denied without an evidentiary hearing.

Accordingly,

**IT IS HEREBY ORDERED** that Leonard Love's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. # 2] is **DENIED.** All Counts of Movant's Motion are **DISMISSED, with prejudice.**

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's Motion.

Dated this 3rd Day of August, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE